**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Antonio Campos-Quintana, | ) | No. CV-25-00268-TUC-AMM (MAA) |
| Petitioner, | ) ) | **REPORT AND RECOMMENDATION** |
| vs. | ) ) | |
| Warden Safford F.C.C. | ) ) | |
| Respondent. | ) ) ) | |

On September 2, 2025, Antonio Campos-Quintana, an inmate confined in the Federal Correctional Institution ("FCI") in Safford, AZ, filed an Amended Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241.  Doc. 6.  The petitioner claims that the respondent is wrongfully denying him Earned Time Credits ("ETCs") pursuant to the First Step Act ("FSA").  He argues that he is not subject to a final order of removal and the immigration detainer lodged against him is erroneous.  *Id*.

The respondent filed an answer on February 12, 2026.  Doc. 15.  The petitioner did not file a reply.

Pursuant to the Local Rules of Practice, this matter was referred to the Magistrate Judge for a report and recommendation.  Doc. 7. The petition should be denied because Campos-Quintana is the subject of a final order of removal and is ineligible for FSA time credits.  The court does not reach the respondent's remaining objections.  Doc. 15.

Discussion

The First Step Act ("FSA") allows eligible prisoners to earn time credits toward prerelease custody or supervised release.  18 U.S.C. § 3632(d)(4)(C).

A prisoner is ineligible for FSA time credits, however, "if the prisoner is the subject of a final order of removal under any provision of the immigration laws . . . ."  18 U.S.C. § 3632(d)(4)(E)(i).

Here, the petitioner is the subject of a final order[1] of removal, which was issued on December 14, 2022 by Judge Carbone in the Immigration Court in Aurora, Colorado.  Doc. 15-1, ¶ 20; Doc. 15-1, pp. 26-28.  Accordingly, he is not eligible to earn time credits under the FSA.

The petitioner argues that Form I-851A was never issued and therefore he cannot have a "final order of deportation."  Doc. 6, p. 5.  He is mistaken.  Form I-851A is used when an officer from the Department of Homeland Security issues an expedited removal order under the Immigration and Nationality Act ("INA") § 238(b).  Doc. 15, p. 2, n. 3;  *United States v. Cazares-Rodriguez*, 2017 WL 2212031, at *4 (S.D. Cal. May 19, 2017).  It is not used when an Immigration Judge proceeds under the INA § 240.  *Id*.  And here, an Immigration Judge issued the removal order.  Doc. 15-1, ¶ 20; Doc. 15-1, pp. 26-28.

The petitioner further argues that he eligible for FSA time credits because the detainer states that "the decisions shall not NOT [sic] impact alien's bail, rehabilitation, parole, release, diversion, custody classification, . . . and so on."  Doc. 6, p. 6.  The court does not agree.

The immigration detainer issued against him states that "[t]his detainer . . . should not impact decisions about the alien's bail, rehabilitation, parole, release, diversion, custody classification, work, quarter assignment, or other matters."  Doc. 6-1, p. 6.  That statement is simply an acknowledgment that the detainer should not affect the Bureau of Prison's authority to administer the prisoner's sentence in accordance with the law.  It does not instruct the Bureau

---

[1] The order was imposed against a Lalo  Ronquillo-Ronquillo, but the respondent asserts that this is one of the petitioner's aliases.  Doc. 15-1, ¶ 20.  The petitioner did not file a reply disputing the respondent's assertion.

of Prisons to disregard the terms of the FSA, which makes a prisoner subject to a final order of removal ineligible to earn time credits. *See* 18 U.S.C. § 3632(d)(4)(E)(i); *see also United States v. Valdez-Hurtado*, 638 F. Supp. 3d 879, 885 (N.D. Ill. 2022) ("The ICE detainer request is no more than a request," so it does not affect a court's order pursuant to the Bail Reform Act.).

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Denying the Amended Petition for Writ of Habeas Corpus . Doc. 6. Campos-Quintana is ineligible for FSA time credits because he is the subject of a final order of removal. *See* 18 U.S.C. § 3632(d)(4)(E)(i). The court does not reach the respondent's remaining objections.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response without the permission of the District Court.

Dated this 1st day of May, 2026.

Honorable Michael A. Ambri
United States Magistrate Judge